UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| WENDY K. JOHNSON, | Case No. 6:25-cv-02341-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| LESLIE S. JOHNSON, | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

      Self-represented Plaintiff Wendy K. Johnson brings this action against Defendant Leslie S. Johnson. Plaintiff also filed a Motion for Injunction (ECF No. 2), a Motion to Request a Pro Bono Attorney (ECF No. 3), and a Motion to Object to the Payment of Fees (ECF No. 6). On *sua sponte* review[1], Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction, and Plaintiff's motions are denied as moot.

---

[1] Review is also appropriate under 28 U.S.C. § 1915(e)(2), under which district courts screen applications to proceed *in forma pauperis* (IFP) and dismiss any case that is frivolous or malicious, or fails to state a claim upon which relief may be granted. Although Plaintiff did not file an IFP application, she did not pay the filing fee. Accordingly, the Court construes Plaintiff's Complaint as a motion to proceed IFP.

Page 1 — OPINION AND ORDER

This case arises out of the Marion County Circuit Court's entry of a limited judgment appointing Defendant as Plaintiff's guardian/conservator following a July 2, 2025 hearing. ECF No. 1-1 at 11. The Marion County Circuit Court also denied Plaintiff's motion to terminate the guardianship on September 30, 2025. *Id.* at 81. Defendant's attorney in those proceedings petitioned for attorney fees pursuant to Or. Rev. Stat. § 125.095. ECF No. 1-1 at 15-35.

Plaintiff alleges "slavery" or false imprisonment by Defendant, who Plaintiff refers to as her "ex-sister." ECF No. 1 at 3-4. Plaintiff also alleges that the guardianship proceeding was wrongly decided. *Id.* at 3. Finally, Plaintiff alleges that Defendant "stole [her] inheritance." *Id.* Plaintiff seeks $75,000 in damages, $120,000 in loss of property, and the $11,709.08 in attorney fees related to the guardianship proceeding. ECF No. 1 at 2. She also asks this Court to reverse the guardianship. *Id*. at 3.

Plaintiff's Complaint is dismissed because this Court lacks subject matter jurisdiction. Federal courts have jurisdiction over two primary categories of cases: (1) "federal question" cases; and (2) "diversity of citizenship" cases. A "federal question" case involves the Constitution or a federal law or treaty. *See* 28 U.S.C. § 1331. A "diversity of citizenship" case involves citizens of different states where the amount of damages is more than $75,000. *See* 28 U.S.C. § 1332(a)(1). When a court lacks subject matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, it must dismiss the complaint, whether upon the motion of a party or *sua sponte*. *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015); *see also* Fed. R. Civ. P. 12(h)(3). Here, Plaintiff's Complaint does not allege any federal claims, and there is no diversity of citizenship because both Plaintiff and Defendant reside in Oregon. *See* ECF No. 1 at 1-2.

Second, to the extent Plaintiff asks the Court to review and reverse the guardianship established by the Marion County Circuit Court, that claim is barred by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, district courts may not review state court decisions. The *Rooker-Feldman* doctrine derives its name from the Supreme Court cases of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). In both cases, the Supreme Court held that the district courts did not have subject-matter jurisdiction over claims seeking to reverse state judicial determinations because appellate jurisdiction over state actions is left exclusively to the Supreme Court. *Rooker*, 263 U.S. at 415-16; *Feldman*, 460 U.S. at 482. In accordance with the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction to review the Marion County Circuit Court's decision appointing Defendant as Plaintiff's guardian/conservator.

Accordingly, this case is DISMISSED for lack of subject matter jurisdiction. Plaintiff's motions (ECF Nos. 2, 3, and 6) are DENIED as moot.

DATED this 30th day of December 2025.

                                                    __s/Mustafa T. Kasubhai_____
                                                    Mustafa T. Kasubhai (he/him)
                                                    United States District Judge